FILED
SUPERIOR COURT
OF GUAM

2019 MAR 15 AM 8: 38

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,       )      CRIMINAL CASE NO. CM0090-19
)
)
       v.                    )
)      **DECISION AND ORDER DENYING**
SAMSON MARTIN,        )      **MOTION TO RELEASE DEFENDANT**
DOB:05/24/1994,        )      **ON HIS OWN RECOGNIZANCE**
)
       DEFENDANT.       )

## Introduction

This matter came before the Honorable Maria T. Cenzon on March 11, 2019 for a hearing on Defendant Samson Martin's Motion to Release Defendant on His Own Recognizance ("Motion to Release"). Defendant was present and represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Thomas Neuman. The Court ruled from the bench DENYING Defendant's Motion for Release. The Court now issues this Decision and Order memorializing its oral ruling pursuant to 8 GCA § 40.50(a).

## Background

The complaint alleges the following offenses: TWO COUNTS OF VIOLATION OF A COURT ORDER (as a Misdemeanor); DISORDERLY CONDUCT (as a Petty Misdemeanor); and PUBLIC DRUNKENNESS (as a Violation). Magistrate's Complaint (Feb. 18, 2019). The complaint alleges that the Defendant violated his pre-trial release conditions in CF0086-19 by directly contacting the alleged victim Melina Cabrera at her place of employment and by consuming alcoholic beverages. Decl. of Woodrow Pengelly (Feb. 18, 2019). The Defendant was

released from CF0086-19 on February 12, 2019 and was re-arrested just six days later on February 18, 2019 for this case.

According to the complaint, the Defendant walked into the restaurant where Ms. Cabrera is employed. *Id.* According to Ms. Cabrera, the Defendant attempted to speak to her and even demanded to see her cell phone. When Ms. Cabrera declined, the Defendant began to yell and throw items off the ordering counter. Ms. Cabrera then contacted the police and notified them that her ex-boyfriend, the Defendant, contacted her in violation of a court order. According to the responding police officers, after they identified the Defendant, they noticed he was next to a bottle of vodka and that he showed signs of intoxication (i.e. blood shot watery eyes and emitting odor of an intoxicating beverage).

The Defendant remains confined pending the posting of One Thousand Dollars ($1,000.00) cash bail. Defendant moved for his release on personal recognizance without providing *any* arguments in support of his written motion.[1] *See* Mot. to Release Def. on His Own Recognizance (Feb. 22, 2019). The Court scheduled the matter for a hearing on the instant Motion on March 11, 2019. During that hearing, the People orally opposed the instant Motion.

## Discussion

Guam law provides that the Court must "order the person charged to be released on recognizance, *unless the judge determines,* in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b) (emphasis added). The following factors guide the court in making such a determination:

---

[1] The instant Motion merely recites 8 GCA § 40.15 and abruptly concludes with the following sentence: "Based on the foregoing and on such further matters as may be presented at the hearing, the defendant respectfully requests the court to grant his motion for release."

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:
   A. length of his/her residence on Guam;
   B. his/her employment status and history, and financial condition;
   C. his/her family ties and relationships;
   D. his/her reputation, character, and mental and physical condition;
   E. his/her prior criminal record, if any, including any record of a prior release on recognizance or on bail;
   F. his/her history relating to drug or alcohol abuse;
   G. the identity of the reasonable members of the community who will vouch for his/her reliability;
   H. whether, at the time of the current offense or arrest, he/she was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of a sentence of an offense under federal, state or local law; and
   I. his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; ...

(6) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

*Id.* However, "where the judge determines that release of the person charged on his/her own recognizance will not reasonably assure his/her appearance as required, or will endanger the safety of any other person or the community, *the judge shall impose the least onerous of condition*" provided in the statute. 8 GCA § 40.20 (emphasis added). If no single condition gives that assurance, the judge shall impose *the least onerous combination of conditions* provided in the statute. *Id.* (emphasis added).

## Analysis

At the hearing, Defendant offered his remorse and assured the Court that he will comply with all of the conditions imposed. The People, on the other hand, opposed the instant Motion citing the following factors: nature of the offense and defendant's non-compliance in CF0086-19. Specifically, the People expressed their concern that both CF0086-19 and this case involve the same victim and that this case occurred just six days after the Defendant's release in CF0086-19. The People also add that the Defendant acknowledged the conditions in CF0086-19 upon his release, however, the Defendant still chose to violate the express conditions of his release.

The information currently before the Court does not give it sufficient assurance that the Defendant will abide by its future orders and appear as required. This information also suggests that the Defendant's release on personal recognizance will endanger the safety of Ms. Cabrera and the community. First, it is disconcerting to the Court that these offenses allege the Defendant *blatantly* violated the terms of his conditions in CF0086-19. Secondly, that the Defendant was arrested for this case just six days after his release in CF0086-19 and that both cases involve the same victim, Ms. Cabrera. Lastly, the allegations of this case purportedly occurred in a public location placing not only the alleged victim in danger but other employees and patrons of the establishment.

Accordingly, the Court finds that the Defendant's release on his own recognizance will not reasonably assure his appearance as required and will endanger the safety of the community. Based upon the information before the Court, the Court finds that the bail set by the Magistrate Judge is the least onerous condition. No evidence to the contrary has been offered by the Defendant to sufficiently establish that release without bail is appropriate. This ruling does not preclude the Defendant from lodging an appropriate request with proposed third-party custodians.

## Conclusion

For the reasons stated above, the Court DENIED the Defendant's Motion to Release.

SO ORDERED this _____MAR 15 2019_____, *nunc pro tunc* to March 11, 2019.

_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
DHO
Date: 3/15/19  Time: 9am
Deputy Clerk, Superior Court of Guam